In the Matter of the Application, etc., of MICHAEL T. DALY, as Commissioner of Public Works of the City of New York, etc., under Chapter 189 of the Laws of 1893, to Acquire Certain Real Estate, etc.

MARY P. ISELIN and Others, Appellants; CHARLES A. MARVIN and Others, Respondents.

*Report of commissioners of appraisal under chapter 189 of 1893 — sent back to commissioners to apportion the awards between the owners of the surface of the land and the owners of the minerals, etc., under it.*

In a proceeding instituted under chapter 189 of the Laws of 1893 for the purpose of acquiring certain real estate for the sanitary protection of the sources of the water supply of the city of New York, commissioners of appraisal were appointed whose duties were to ascertain and determine the compensation to be made to the owners of, and persons interested in, the real estate described in the petition. Certain claimants appeared before the commissioners so appointed, who claimed to own an undivided one-third of all the mines and minerals beneath the surface of the land included in the proceeding.

The commissioners awarded a specific sum for each parcel of land taken. No separate award was made by the commissioners to the owners of the mines and. minerals beneath the surface.

The report of the commissioners having been presented to the court for confirmation, an order was made by which the report was confirmed in part, and the court directed the report to be sent back to the commissioners to apportion the awards made for the respective parcels between the owners of the mines and. minerals and the owners of the surface.

*Held*, that the commissioners having viewed the premises and being conversant with the facts and circumstances surrounding the proceeding, were in a position to make the apportionment and determine what sums, if any, should be paid to the owners of the surface and the owners of the mines and minerals, and that the order was a proper one.

APPEAL by Mary P. Iselin and Margaret G. Philipse, as surviving trustees, etc., and others, from the appraisal and report of the commissioners appointed under chapter 189 of the Laws of 1893, which report was dated the 18th day of October, 1894, and filed in the office of the clerk of the county of Putnam on October 22, 1894. Also from orders of the Supreme Court, granted at the Orange County Special Term and entered in the office of the clerk of the county of Putnam on the 17th and 21st days of January, 1895, respectively, confirming the report of such commissioners. Also

from orders of the Supreme Court, granted at the Orange Special Term and entered in the office of the clerk of the county of Putnam on the 17th and 21st days of January, 1895, respectively, denying the motion of said appellants to vacate and set aside the appraisal and report and all proceedings of the commissioners, and confirming said report so far as it relates to the specific parcels of land and the respective awards made therefor, and as to the other parcels and awards in said report mentioned, and sending the same to said commissioners of appraisal for the purpose of having separate awards made to the several respective owners.

*William H. Haldane*, for Mary P. Iselin and others, appellants.

*Francis M. Scott* and *H. T. Dykman*, for petitioner, the corporation of New York city, respondent.

*Abram J. Miller*, for Charles A. Marvin and others, respondents.

*Frederic S. Barnum*, for Eliza A. Thomson and others, respondents.

PRATT, J. :

This proceeding was instituted under the above-mentioned act for the purpose of acquiring certain real estate at Brewster, Putnam county, for the sanitary protection of the east branch of the Croton river and its tributaries, which are the sources of the water supply of the city of New York.

Commissioners of appraisal were appointed in accordance with the statute, whose duties were to ascertain and determine the compensation to be made to the owners of and persons interested in the real estate shown on the map and described in the petition. Among other claimants who appeared before the commissioners were the appellants, the Gouverneur heirs, who claimed to own the undivided one-third of all the mines and minerals beneath the surface of the various parcels of land included in the proceedings.

The commissioners performed the duties imposed upon them and made their report to the Supreme Court, in which a specific sum was awarded for each parcel of land taken. The appellants are the owners of the undivided one-third of the mines and minerals beneath the surface of each parcel included in the report, and no

separate award was made to them by the commissioners. The appellants filed a claim before the commissioners and submitted their interests without the introduction of any testimony, and without any exception to the proceedings in any way. When the report was presented to the court for confirmation an order was made by which the report was confirmed in part and was directed to be sent back to the commissioners in part to apportion the awards made for the respective parcels between the appellants and the surface owners. All the parties to the proceedings acquiesced in this order except the Gouverneur heirs, and from the order of confirmation this appeal was taken.

In our view the order was a proper one; the commissioners had viewed the premises and were conversant with the facts and circumstances surrounding the proceedings; they were, therefore, in a position to make the apportionment and determine what sums, if any, should be paid to these appellants.

The orders appealed from should be affirmed, with ten dollars costs and disbursements to all parties.

DYKMAN, J., concurred; BROWN, P. J., not sitting.

Orders appealed from affirmed, with ten dollars costs and disbursements to each of the parties appearing.